# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GRAY,<br><br>            Plaintiff,<br><br>     v.<br><br>COUNTY OF KERN, et al.,<br><br>            Defendants. | Case No.: 1: 14-CV-00204 - LJO - JLT<br><br>ORDER GRANTING IN PART STIPULATION TO VACATE SETTLEMENT CONFERENCE AND TO AMEND CASE SCHEDULE<br><br>(Doc. 16) |

Before the Court is the stipulation of counsel to vacate the settlement conference and to amend the case schedule. (Doc. 16) Counsel explain the case is not in a settlement posture due incomplete discovery. Id. at 1. Thus, the Court will vacate the settlement conference. The parties may request the conference be rescheduled in the future, if they agree a conference is likely to be fruitful.

As to the stipulation to amend the case schedule, the Court has not been provided little information to justify the request. Counsel report they engaged in discovery efforts late in the process—defendants' production request to Plaintiff and subpoena(s) duces tecum to third parties were served on March 11 and the Fed. R. Civ. P. 30(b)(6) deposition of the County of Kern which occurred on April 10. (Doc. 16 at 1-2) As a result, counsel has had insufficient time to process the discovery produced through these efforts and their experts have not adequately prepared their reports. Id.

1

What is not explained in the stipulation is why, despite having been provided a year of non-expert discovery time, the parties waited until so late in the process to conduct this discovery.  Of course, stipulations to amend the case schedule must demonstrate good cause and a determination whether this has been shown is informed by the diligence of the parties in conducting this discovery; unfortunately, this latter information has not been detailed in the stipulation.  Indeed, the last information on the topic was provided in the joint mid-discovery status conference report which indicated the deadlines would be met, though difficulties—not documented in the current stipulation—were noted.  (Doc. 14)

Scheduling orders are intended to alleviate case management problems.  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610 (9th Cir. 1992).  As such, a scheduling order is "the heart of case management." <u>Koplove v. Ford Motor Co.</u>, 795 F.2d 15, 18 (3rd Cir. 1986).  Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." <u>Johnson</u>, 975 F.2d at 610 (quoting <u>Gestetner Corp. v. Case Equip. Co.</u>, 108 F.R.D. 138, 141 (D. Maine 1985)).  Thus, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation."  <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999). Because there is a minimal showing of good cause and no showing of diligence, the Court **ORDERS:**

1. The settlement conference, set on April 27, 2015 is **VACATED**;
2. The case schedule is amended as follows:
   a. Non-expert discovery SHALL be completed no later than **May 15, 2015** and expert discovery SHALL be completed no later than **July 17, 2015;**
   b. Experts SHALL be disclosed no later than **May 29, 2015**;
   c. Rebuttal experts SHALL be disclosed no later than **June 19, 2015**;
   d. Non-dispositive motions SHALL be filed no later than **July 24, 2015** and heard no later than **August 21, 2015**.

///
///
///

**Absolutely no other amendments to the case schedule are authorized nor will any further requests to modify the case schedule be entertained absent a showing of exceptional good cause.**

IT IS SO ORDERED.

Dated:   **April 23, 2015**                              **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE