# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARTHUR GRAY,** | 1:14-cv-00294-LJO-JLT |
| **Plaintiff,** | **ORDER RE REQUEST FOR CLARIFICATION RE AVAILABILITY OF INJUNCTIVE RELIEF** |
| v. | |
| **COUNTY OF KERN,** | |
| **Defendant.** | |

This case concerns claims brought under Title II of the Americans with Disabilities Act ("ADA") and related federal and state statutes regarding alleged "architectural barriers" Plaintiff Arthur Gray encountered at Kern Medical Center ("KMC"). *Id*. Before the Court for decision is the Parties' request for clarification of the scope of the remaining claims in this lawsuit.

At the summary judgment stage, this Court dismissed numerous ADA barrier claims on the ground that Plaintiff had not adequately identified those barriers in the original complaint, while finding certain other barrier claims properly pled. ECF No. 29 at 17-22. Among other things, Plaintiff alleged that the Kern Medical Center contained "[i]naccessible public restrooms, including the restroom near the cafeteria and the public restroom on the [second] floor. . . . [t]hese restrooms have incorrectly mounted amenities (soap, toilet seat covers, etc.) that are out of Plaintiff's reach and lack required floor clearances." ECF No. 1 at ¶ 20(b). This Court found that these allegations gave the County sufficient notice only of the specifically identified architectural barriers in "the restroom near the cafeteria and the public restroom on the [second] floor." The Court further found that the only "incorrectly mounted

1

amenities" in these two specifically identified public restrooms that Gray both asserted at summary judgment and sufficiently alleged in the complaint were inaccessible soap dispensers. ECF No. 29 at 20. Nonetheless, at summary judgment, this Court found any request for injunctive relief as to these claims moot in light of uncontroverted evidence presented by Defendant's facility manager indicating that the asserted barriers had been corrected. *Id.* at 22-27.

On appeal, the Ninth Circuit affirmed the Court's refusal to dismiss these claims outright on pleading grounds, but did not address this Court's conclusion that any request for injunctive relief as to these claims was moot. ECF No. 36.

As to the allegation that there were "[e]xcessive slopes and cross slopes on the ramps leading into and out of the Medical Center building," this Court found that Plaintiff had "provide[d]s scant details in the complaint" by neither indicat[ing] the ramps' locations relative to the KMC campus, nor to which of the many KMC buildings he refers." ECF No. 29 at 20. Because "Defendant [was] left to guess their location and specific barriers related to Plaintiff's disability[,] [u]nder Rule 8, the pleading relative to slopes and ramps is insufficient to provide notice to Defendant as to the basis of Plaintiff's claim." *Id*. The Ninth Circuit reversed this Court's dismissal in part, finding:

> Gray identified the specific violation in his complaint (slope/cross-slope of ramps) and adequately alleged the location (leading into or out of the building). Considering the limited number of ramps leading into and out of the Medical Center building, we find this statement gave adequate notice of the more specifically identified non-compliant ramps leading into and out of the building Gray asserted at summary judgment. This statement did not, however, put the County on notice of any ADA violations as to the exterior paths or as to any handrails at Kern Medical Center.

ECF No. 36 at ¶1(c).

Neither this Court nor the Ninth Circuit addressed whether any claims for injunctive relief regarding these ramps were moot.[1]

---

[1] The Court is not persuaded by Defendant's attempt to suggest that the Court's generic statement in its summary judgment order that "Plaintiff's claim under the ADA for injunctive relief is moot," amounts to an affirmative finding that the claims regarding the ramps were moot. ECF No. 60 at 4. In evaluating mootness, the Court focused only on those barriers it found to

2

In addition to the above findings, the Ninth Circuit pointed out that damages may be available under Title II of the ADA as to any remaining barrier claims, even if those barriers have been corrected. *See* ECF No. 36 at ¶ 2. The case was remanded for further proceedings. *Id*. at 5.

At a November 3, 2017 Scheduling Conference, ECF No. 46, trial was set for June 26, 2018. ECF No. 47. The Parties subsequently stipulated to permit Plaintiff to file a first amended complaint ("FAC"). ECF No. 48. The FAC narrows the scope of the litigation to the restroom and slope barriers identified above. ECF No. 50 ¶ 23. The FAC also attempts to assert claims for both injunctive relief and damages as to those barriers. *Id*. at 11 (Prayer)

The Parties requested clarification regarding the availability of injunctive relief in light of the prior rulings by this Court and the Ninth Circuit. ECF No. 57. The Court permitted the Parties to articulate their positions in writing on this dispute. See ECF No. 58-60. In light of those fillings and the entire record, the Court makes the following findings:

(1) Injunctive relief is precluded as to the restroom barrier claims. This Court's summary judgment ruling specifically found those claims moot. The Ninth Circuit's ruling did not address that finding, which remains undisturbed. It is therefore the law of the case from which Plaintiffs have presented no basis for departure.

(2) As to the ramp barriers, injunctive relief is not precluded by prior rulings in this case. However, Defendants assert that they have served on Plaintiffs a Supplemental Expert Report from expert witness Michael P Gibbens which concludes that the slopes of the ramps in question meet the relevant ADA standards. Defendants request an opportunity to present this issue for adjudication prior to trial through a Rule 56 motion or any other appropriate vehicle. The Court agrees that this approach would serve the interests of judicial and party efficiency by potentially resolving these matters before trial. The Court therefore directs the Parties to meet and confer in an attempt to establish a mutually

---

have been pled with sufficient specificity. The Court did not evaluate any factual basis that would have permitted a finding that the Plaintiff's claims about the ramps were moot.

agreeable schedule for any such motion. If no agreement can be reached, the Parties may submit a joint status report to the Court setting forth their various positions on the matter of scheduling. This ruling should not be taken as an indication that the Court will move the trial date in this case. It will not.

IT IS SO ORDERED.

Dated: **March 26, 2018**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE